STATE of Missouri, Respondent,

v.

Jose ROGERS, Appellant.

No. 59052.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 29, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 4, 1991.

Application to Transfer Denied
Jan. 28, 1992.

Ellen A. Blau, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

The defendant, Jose Rogers, was convicted in a jury trial in the Circuit Court of the City of St. Louis for unlawful use of a weapon, § 571.030.1(1), RSMo 1986, and sentenced to sixty days imprisonment.[1] The trial court suspended the execution of defendant's sixty day sentence and placed him on probation for three years. The defendant appeals and claims: (1) the trial court erred in overruling defendant's motion in limine and objection during trial to testimony relating to a hunting knife police officers found in the car defendant was operating and, in admitting the knife into evidence; and, (2) this court erred in failing to grant defendant's motion to remand for filing of an amended motion for new trial and a hearing based on newly discovered evidence. We affirm.

On January 20, 1990, Officers Max Stromsdorfer and James Schnable were patrolling in the 4200 block of Margaretta in the City of St. Louis. The officers saw what they believed to be a drug transaction involving a man at the driver's side window of a car being driven by the defendant. The pedestrian ran from the scene when he saw the officers who then pulled up behind the defendant's car. Officer Stromsdorfer approached the driver's window and saw the defendant throw out a small plastic bag containing .64 grams of marijuana.

The defendant exited the automobile and stood next to the car bent over with his hands covering his pants pockets and claimed he was recuperating from a knife wound. Officer Stromsdorfer directed the defendant to the driver side front panel at which time the officer observed a large hunting knife on the front seat of the car. Officer Stromsdorfer advised his partner of the knife and then proceeded to pat down the defendant for any weapons. Officer Stromsdorfer and his partner testified that the search revealed a .25 caliber automatic Beretta in defendant's front pants pocket. The gun was loaded with eight bullets in the clip and one in the chamber and was fully operational. After the defendant was secured the passenger in the front seat was ordered to exit the automobile and a search of him revealed a .38 caliber pistol.

Defense witness Marvin Fondren testified that the .25 caliber automatic Beretta was his and that the police found the gun under the front seat. Fondren was seated

---

1. The defendant was also convicted for misdemeanor possession of marijuana, however, this appeal does not involve that conviction.

in the back seat behind the defendant and Fondren testified he did not tell the defendant he placed the gun under the seat nor could the defendant have known the gun was there. The jury found the defendant guilty as charged of unlawful use of a weapon.

Following the defendant's conviction the state charged defense witness Marvin Fondren with perjury and unlawful use of a weapon. Fondren pled guilty to unlawful use of a weapon, a class D felony, on January 10, 1991, and the perjury charge, a class C felony, was dropped by the state. Based upon Fondren's guilty plea to the same charge as the defendant was found guilty the defendant filed a motion to supplement the record on appeal and remand for filing of an amended motion for new trial and hearing based on newly discovered evidence. By an order dated April 4, 1991, this court denied the defendant's motion.

In his first point on appeal the defendant claims the trial court erred in admitting the hunting knife into evidence because it was not relevant and the knife inflamed the jury and inferred a violent or criminal character on the defendant. The state argues the knife was admissible because it was found on the front seat next to the defendant "and that such proximity of the knife was relevant to establish that he knowingly possessed a concealed .25 caliber semiautomatic pistol." In addition, the state argues the knife is admissible as part of a "continuous occurrence intimately connected with the crime for which the defendant is being tried."

■ A defendant claiming error in the reception of evidence has the burden of showing both error and prejudice. The defendant must point out why and in what manner this evidence was prejudicial. *State v. Vernor*, 522 S.W.2d 312, 315 (Mo. App.1975). In his motion to suppress and in his motion in limine the defendant claimed the knife was not relevant and that it was evidence of another crime. The hearing court properly overruled defendant's contention that it was evidence of another crime and therefore we are confronted with the issue of whether the evidence was relevant and, if it was not, then did the defendant carry his burden to show that it was prejudicial.

■ We conclude that under the facts of this case the oral evidence of the hunting knife and its admission into evidence was irrelevant. The state's argument that the knife was relevant to show that the defendant knowingly possessed the gun is without merit. The cases cited by the state in support of this proposition are distinguishable and not pertinent to the facts of the case. The state's contention that the knife was admissible as part of the complete and coherent picture of the circumstances surrounding defendant's offense is also without merit.

■ The state argues that the knife comes in as part of the complete and coherent picture of the defendant's crime because it was upon seeing the knife that the officer decided to search the defendant and found the gun. The state's argument, however, is unclear in that the cases cited by the state in support of allowing in evidence that is part of the complete and coherent picture of the crime all point out that this is an exception to the general rule that evidence of another crime is not admissible. Here, the fact that a hunting knife was lying on the front seat of the car in open view is not evidence of another crime. In addition, prior to the trial, the trial court had correctly determined that the officer had a sufficient reason to conduct a pat down search of the defendant. Therefore, evidence of the knife was not relevant because the state did not need to prove probable cause for the search at the trial.

■ Having found that the evidence of the hunting knife was not relevant we now must decide whether such evidence was prejudicial error. Error, which in a close case might call for reversal, may be disregarded as harmless when the evidence of guilt is strong. *State v. Mantia*, 748 S.W.2d 785, 788 (Mo.App.1988). Here the evidence was strong. Officer Stromsdorfer testified that he observed the defendant discard a bag with material in it which the

officer believed to be marijuana and which an expert testified was marijuana. Officer Stromsdorfer testified that after he ordered the defendant to exit his automobile, he did so with his hands covering his pockets. The officer searched the defendant and found a fully loaded operational .25 caliber semi-automatic Beretta pistol in his front pocket. Officer Schnable also testified at the trial that the defendant threw down a bag of marijuana and that the defendant had the pistol in his front pants pocket. On direct examination the defendant admitted throwing down the bag of marijuana.

■ The defendant's allegation in his brief that the admission of evidence dealing with the knife inflamed the jury is not supported by any substantial facts to support this assumption. The defendant states in his brief that the introduction of this evidence suggested to the jury that the defendant had a violent or criminal motive. The defendant, however, does not suggest to us any rationalization or justification for this broad assertion. We note that the jury found him guilty of having a concealed weapon and sentenced him to 60 days in a medium security institution, while he was given a fine for the possession of marijuana. The maximum sentence for a concealed weapon is five years in a maximum security institution. The jury's sentences fail to reflect that the evidence of the knife inflamed the jury or that the jury believed the defendant to have a violent nature. The jury could have concluded from his acknowledgment of possession of marijuana that he had a criminal nature. We find that the defendant has failed in his burden to show that the inadmissible evidence was prejudicial. Defendant's first point is denied.

■ The defendant's second point on appeal alleges this court erred in failing to grant the defendant's motion to remand for filing of an amended motion for new trial and a hearing thereon based on newly discovered evidence. The defendant contends the conviction of defense witness Marvin Fondren for unlawful use of a weapon was newly discovered evidence so that defendant should have been allowed to file an amended motion for new trial. We will not address this issue again.

On April 4, 1991, this court issued an order denying defendant's motion to supplement record on appeal and remand for filing of an amended motion for new trial and a hearing based on newly discovered evidence. If the defendant disagreed with this decision the proper method to challenge it would have been to file a petition for an extraordinary writ with the Missouri Supreme Court at that time, or to wait and file appropriate post-opinion motions pursuant to Rule 30.26 and Rule 83.03. Point denied.

Judgment affirmed.

CRIST and AHRENS, JJ., concur.