STATE of Missouri, Respondent,

v.

Larry D. SCHELL, Appellant.

No. 60814.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 15, 1992.

Lew A. Kollias, Judith C. LaRose, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Elizabeth Levin Ziegler, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appellant Larry Schell (Defendant) appeals from his convictions for involuntary manslaughter, armed criminal action, and assault. We affirm.

On September 5, 1990, in Hazelwood East High School, Defendant's cousin, Shannon Parmeley told Tony Myers, "You are mine." Myers had been dating Parmeley's ex-girlfriend. A fistfight was arranged for that night but did not happen. That evening, Defendant placed a gun in Parmeley's car trunk. The next day, school was dismissed at 11:15 a.m. Defendant drove Parmeley to school that morning and picked him up just before 11:15.

Rudy Carpenter (Victim), a friend of Tony Myers, and Tony Moore also drove to the school that day to pick up Victim's younger brother. Victim's brother had a ride already; and Victim, who was driving, agreed to pick up two other students, Jeff Adams and Dave Steinbach, and drive them to McDonalds for lunch. After the two students were picked up, Victim and his three passengers passed a car containing Defendant, Parmeley, and a third passenger going the opposite direction. Victim recognized Parmeley, who was driving, and made a U-turn and followed the car to ask him about the fight that was supposed to have taken place the night before.

At Defendant's direction, Parmeley eventually pulled over to the side of the road and stopped, and the three occupants got out. Victim pulled up behind the car. All four occupants got out. Victim and Defendant walked to the middle of the street and began exchanging words. Defendant threw a punch at Victim but did not hit him. A shadow boxing match ensued with no blows actually landing. Defendant then pulled out of his pocket a knife with a razor blade edge and waived it at Victim. Victim backed away, asking why Defendant would bring a knife to a fistfight. Defendant responded that if Victim did not want a knife, he would get a gun.

At that point, Parmeley took the keys out of the ignition and opened the trunk; Defendant removed the gun. Victim, while continuing to back away, tripped over a sewer and fell to the ground. As he lay on the ground, Defendant shot him twice. Defendant then shot Tony Moore who was standing by the front passenger door of Victim's car. Next, he fired at but missed Jeff Adams. Victim and the other occupants of his car were unarmed, and no weapons were in their car. Defendant, Parmeley, and the third passenger got in their car and fled the scene. Defendant threw the gun in the river.

Defendant admits intentionally shooting the Victim and Tony Moore but claims he shot in self-defense. At trial, Defendant cross-examined State's witness Thomas Adams as to Victim's reputation as a fighter. Thus, Defendant placed his own reputation for violence at issue. *See State v. Hill*, 614 S.W.2d 744, 752 (Mo.App.1981) (citation omitted).

In his only point relied on, Defendant contends "Officer Henke's opinion of [Defendant's] reputation for violence was based solely on his first hand experience as a police officer with [Defendant] on an unrelated case and on his knowledge of police reports in other cases, and this was improper reputation evidence, and prejudiced the jury against Defendant."

Whether a witness may testify about a defendant's character is not determined by what the witness knows about the general conduct of such person, but rather by what the witness knows of the defendant's general reputation in the neighborhood or among people with whom

the witness associates. *State v. Huffman,* 607 S.W.2d 702, 704 (Mo.App.1980). "A personal view of the witness as to the character of accused is immaterial and not admissible." *Id.*

State's attorney questioned Lieutenant Richard Henke about Defendant's reputation. Henke testified he had been employed by the Ferguson Police Department for thirteen years. He stated that he knew where Shirley Street in Ferguson was and knew Defendant lived on that street. He also stated he was familiar with the Ferguson community. The following exchange also took place:

> Do you have an opinion of [Defendant's] reputation in the community for violence and turbulence?
>
> Yes sir, I believe—
>
> What is it?
>
> I believe he to be very violent.

On cross-examination, the testimony went as follows:

> Who told you about the reputation of [Defendant]?
>
> I know of the reputation of [Defendant].
>
> Do you know of the reputation of [Defendant] or do you know [Defendant]?
>
> I've had dealings with him before.
>
> All right. Is that what you are basing your reputation testimony on?
>
> That and other reports that I've been familiar with through Ferguson.

Defense attorney objected before and after this testimony. He asked that Henke be declared an incompetent witness because his testimony was based on his own personal knowledge of Defendant rather than Defendant's general reputation in the community. His request was denied. Defense attorney then asked for a mistrial or for the jury to be instructed to disregard the testimony and that the testimony be stricken from the record. His request was denied. Defense attorney continued his cross-examination.

> Well, so you are testifying to [Defendant] who you know by reputation, not individually, right?
>
> I know him individually, also. I handled the case that he was involved in.

Defense attorney asked that Henke's statement about the case he handled involving Defendant be stricken from the record. The judge complied and instructed the jury to disregard the comment.

From Henke's responses, it is impossible to discern with certainty whether or not Henke's opinion is based solely on his personal knowledge of and dealings with Defendant. When asked if he was testifying about Defendant who "he knows by reputation and not individually," he responded, "I know him individually, *also.*" On the other hand, when asked if he was basing his opinion on his personal dealings with Defendant, Henke responded, "That and other reports I've been familiar with through Ferguson." Whether the "reports" Henke referred to were police reports or reports about Defendant's reputation was never clarified at trial.

A defendant claiming error in the reception of evidence has the burden of showing both error and prejudice, and must point out why and in what manner the evidence was prejudicial. *State v. Rogers,* 820 S.W.2d 567, 569 (Mo.App.1991). Error in a criminal case is presumed prejudicial, but that presumption may be rebutted by facts in a particular case. *State v. Grant,* 784 S.W.2d 831, 834 (Mo.App.1990).

Regardless of whether the admission of Henke's testimony was error, we affirm because we find no prejudice. State's witness Shannon Doyle testified that Defendant had a reputation in the community for violence. No challenge is made to the admission of this evidence. We find no prejudice.

Judgment of the trial court is affirmed.

AHRENS, P.J., and REINHARD, J., concur.