**STATE of Missouri, Respondent,**

v.

**Timothy JACOBS, Appellant.**

No. WD 52004.

Missouri Court of Appeals,
Western District.

Jan. 21, 1997.

---

James C. Cox, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David G. Brown, Assistant Attorney General, Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and HANNA and SMART, JJ.

ULRICH, Judge.

Timothy Jacobs appeals his conviction following a jury trial for kidnapping, § 565.110, RSMo 1994, and sentence of ten years imprisonment. He asserts that the trial court erred in admitting evidence of other crimes and in allowing the prosecutor to comment about his prior convictions during closing argument.

The judgment of conviction is affirmed.

In 1989, Timothy Jacobs and Delois Cavil began a five-year relationship. During the relationship, the couple lived together and had a daughter, Savannah. Mr. Jacobs began to verbally and physically abuse Ms. Cavil in 1990. In one incident, Mr. Jacobs fractured her rib. On another occasion, he beat Ms. Cavil with his fists, a broomstick, and a television stand and choked her with a television cable. Following this incident in November of 1993, Ms. Cavil left the house and obtained a protective order against Mr. Jacobs. She was also awarded full custody of Savannah.

On the afternoon of June 4, 1994, Ms. Cavil, Savannah, and three friends were on their way to the Kansas City zoo for the day when they stopped at a local store for beverages. As they left the store, they noticed that Mr. Jacobs was following them in his blue van. Ms. Cavil's friend became nervous and asked to be taken to her aunt's house nearby. Mr. Jacobs continued to follow Ms. Cavil's car.

When Ms. Cavil's vehicle arrived at her friend's aunt's house, everyone got out of the car. Mr. Jacobs approached Ms. Cavil and asked her to explain why she had ended their relationship. He then pointed what Ms. Ca-vil believed to be a handgun at her face and told her to get into the van. At the same time, he grabbed Savannah by the arm and put her in the back seat of the van. As he drove away, Ms. Cavil's friend called the police.

Mr. Jacobs took Ms. Cavil and Savannah to a motel room. In the room, he became upset again exclaiming that he had "gone too far" and "he didn't have anything to live for." He then pointed the handgun at his head and said, "Before I do myself, I will do you." Ms. Cavil's pleas calmed Mr. Jacobs.

Later, Mr. Jacobs, Ms. Cavil, and Savannah went to a restaurant to eat. They then went to a house located at 5717 East 40th Street where they slept for the night. On the morning of June 5, the police surrounded the house. Mr. Jacobs climbed into a hiding place in the attic, and Ms. Cavil fled the house with Savannah.

Mr. Jacobs was charged by amended information with one count of kidnapping, § 565.110, RSMo 1994, one count of endangering the welfare of a child, § 568.045, RSMo 1994, two counts of armed criminal action, § 571.015, RSMo 1994, and one count of unlawful possession of a concealable firearm, § 571.070, RSMo 1994. Prior to trial, counsel for Mr. Jacobs filed a motion in limine to exclude any evidence of other crimes and uncharged conduct by Mr. Jacobs. Specifically, the motion sought to exclude any evidence of domestic abuse and of his prior conviction for kidnapping. The state argued that the evidence tended to show Mr. Jacobs' animus toward Ms. Cavil, his intent to commit the crimes charged, Ms. Cavil's fear of Mr. Jacobs, and why she did not try to escape. The trial court overruled Mr. Jacobs' motion and allowed the introduction of the evidence to show intent.

At trial, Ms. Cavil testified that she did not try to escape because she did not want to leave Savannah with Mr. Jacobs. She also testified that she was afraid he would shoot her if she tried to run. Mr. Jacobs testified in his own defense. He explained that he did not have a gun and that he did not hold Ms. Cavil against her will. He stated that Ms. Cavil was free to leave at any time, and she

had opportunities to flee or summon help if she wanted but did not.

Mr. Jacobs was convicted of kidnapping and was acquitted of all other charges. The trial court entered judgment accordingly and sentenced Mr. Jacobs to ten years imprisonment. This appeal followed.

## I. Evidence of Prior Uncharged Physical Abuse

■ In his first point on appeal, Mr. Jacobs claims that the trial court abused its discretion in admitting evidence of prior domestic abuse. He claims that Ms. Cavil's testimony regarding the abuse in their relationship and photographs taken after the November 1993 incident depicting her injuries were inadmissible evidence of uncharged other crimes and were offered merely to inflame the jury.

■ Evidence of uncharged crimes, wrongs, or acts is inadmissible for the purpose of showing the propensity of the defendant to commit the charged crime. *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993). Such evidence is admissible, however, if it is both logically and legally relevant. *Id.* To be logically relevant, the evidence of prior misconduct must have a legitimate tendency to establish directly the defendant's guilt of the charged crime. *Id.* If the evidence tends to establish motive, intent, absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other, or identity, it is admissible. *Id.* To be legally relevant, the probative value of the evidence must outweigh the prejudicial effect. *Id.* Evidence of prior misconduct that does not constitute one of the five enumerated exceptions may be admissible if the evidence is logically and legally relevant. *Id.* Balancing the value and effect of evidence rests within the sound discretion of the trial court. *Id.*

This case includes evidence of Mr. Jacobs' prior misconduct directed toward Ms. Cavil, the victim of the offense charged. The evidence of abuse during Mr. Jacobs' and Ms. Cavil's relationship was logically and legally relevant because it legitimately tended to establish Mr. Jacobs' guilt of the charged offense. The evidence showed Mr. Jacobs' animus toward Ms. Cavil and his motive to injure her. Additionally, the issue of whether Ms. Cavil was held against her will was contested. Mr. Jacobs testified that Ms. Cavil was free to leave at any time during the episode. Ms. Cavil testified, however, that she was afraid that Mr. Jacobs would shoot her if she attempted to escape. The evidence of prior abuse tended to prove Ms. Cavil's fear of the defendant and explain why she did not attempt to escape from him on June 4, 1994. The evidence of prior domestic abuse tended to establish his intent and motive to commit the crimes charged. *See State v. Dooley*, 851 S.W.2d 683, 688 (Mo. App.1993)(where evidence of violence in relationship with victim tended to establish defendant's motive to commit crimes of kidnapping and assault). The probative value of this evidence outweighed its prejudicial effect. The trial court did not abuse its discretion in admitting the testimony of Ms. Cavil or the photographs. Point one is denied.

## II. Prosecutor's Comments of Prior Conviction During Closing Argument

In his second point on appeal, Mr. Jacobs argues that the trial court abused its discretion in allowing the prosecutor to comment during closing argument about his prior conviction for kidnapping Ms. Cavil. He claims that two remarks made during closing argument improperly urged the jury to consider his past convictions as evidence of his bad character and of his guilt in this case.

■ Mr. Jacobs, however, failed to preserve this alleged error for appellate review. Although he had a continuing objection to the use of evidence of his prior convictions to prove guilt, Mr. Jacobs failed to raise this alleged error in his motion for a new trial. Where a defendant makes an objection at trial but fails to raise the issue in his motion for a new trial, an appellate court is limited to reviewing it for plain error. *State v. Sielfleisch*, 884 S.W.2d 422, 429 (Mo.App. 1994). To demonstrate plain error, the defendant must show that manifest injustice or

a miscarriage of justice will result if the error is left uncorrected. *Id.*

 Statements made in closing argument rarely constitute plain error requiring reversal. *Id.* at 431. Substantial latitude is allowed during closing argument, and under plain error review, improper argument does not justify reversal unless the defendant has demonstrated that the remark had a decisive effect on the jury's verdict. *State v. Sumlin,* 915 S.W.2d 366, 369 (Mo.App.1996).

 Mr. Jacobs first challenges the following comment by the prosecutor:

His testimony is incredible. And one of the instructions the Judge read was that you can use his prior convictions to weigh his credibility. He has three prior felonies and a misdemeanor. And one of those felonies is for the same thing he did this time.

 If a defendant testifies on his own behalf, his testimony is subject to argument on credibility. *State v. Lloyd,* 750 S.W.2d 589, 593 (Mo.App.1988). In a criminal prosecution, the state has the absolute right to argue the defendant's past convictions as affecting the defendant's credibility where he testified on his own behalf. *Id.*

According to Mr. Jacobs' testimony at trial, he did not have a gun, he did not force Ms. Cavil into his van, and she was free to leave at any time. The prosecutor's argument referring to Mr. Jacobs' prior conviction for kidnapping attempted to demonstrate to the jury that his version of the June 4 and 5, 1994 incident lacked credibility. The argument, therefore, was proper, and the trial court did not err in allowing it.

 Mr. Jacobs next challenges the following comment by the prosecutor made during her rebuttal closing argument:

And inside you know that he did this, and he's been doing it. He has a prior conviction for this.

This statement regarding Mr. Jacobs' prior kidnapping conviction was improper. The comment was made as argument of the defendant's propensity to commit the charged crime. The statement offends the prohibition of offering or arguing evidence of a prior uncharged offense to demonstrate the defendant's propensity to commit the crime charged. *See Bernard,* 849 S.W.2d at 13. The short statement, although offensive, did not have a decisive effect on the jury's verdict because the evidence proving Mr. Jacobs' guilt was so overwhelming and, when viewed in context of the entire argument, the statement did not induce "the kind of passion and prejudice that the rule seeks to prevent." *State v. Sielfleisch,* 884 S.W.2d 422, 431 (Mo. App.1994). Mr. Jacobs has not demonstrated any prejudice or manifest injustice. Point two is denied.

The judgment of conviction is affirmed.

All concur.