STATE of Missouri, Respondent,

v.

Kerry Lee COLLINS, Appellant.

No. WD 54017.

Missouri Court of Appeals,
Western District.

Feb. 17, 1998.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SPINDEN, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

LAURA DENVIR STITH, Judge.

Appellant Kerry Lee Collins appeals his convictions for first degree burglary, forcible rape, and armed criminal action. Mr. Collins claims that the trial court erred in admitting testimony that he stole a baseball bat and baseball cap from cars belonging to the victim's neighbors. He also argues that the trial court erred in refusing to allow him to use a police report to refresh a witness's recollection. Finally, Mr. Collins asserts that the court plainly erred in failing to *sua sponte* strike comments made by the prosecutor during closing argument. Finding no merit to any of Mr. Collins's contentions, the judgment of the trial court is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At approximately 1:30 a.m. on the morning of April 28, 1996, in Lexington, Missouri, Janice Smith was awakened in her home by a man shouting "Jimmy." Only Mrs. Smith and her six-year-old daughter were home. Her daughter was sleeping in another room. When Mrs. Smith looked into the hall, she saw a man standing there holding a baseball bat and wearing a baseball cap. The man entered Mrs. Smith's bedroom, hit her in the head with the baseball bat, and then forcibly raped her. After the man fell asleep, Mrs. Smith ran downstairs and out the front door of her house. After banging on several doors of neighboring houses and getting no response, Mrs. Smith ran into the street and tried to get a car to stop and help her.

James Cox heard screaming and honking outside, so he opened his back door and saw Mrs. Smith standing naked in the middle of the street, holding the side of her head, crying, and screaming for help. Mr. Cox

called to Mrs. Smith, and she ran to his house. When Mrs. Smith said she was scared, Mr. Cox explained that he was a nurse and he gave Mrs. Smith a towel to cover herself. Mrs. Smith told Mr. Cox she had been raped and that her daughter was still in the house. She was bleeding and appeared very distraught. Mr. Cox left Mrs. Smith with his girlfriend, Shirley Nield, and went to the downstairs neighbors to call the police.

Sergeant Mark Lamphiere of the Lexington Police Department arrived at Mr. Cox's house in response to his phone call to the police. He spoke to both Mr. Cox and Mrs. Smith, and then went to Mrs. Smith's house to get her daughter out of the house and see if the man was still there. Police found a baseball bat in the doorway to an upstairs bedroom. Inside, they found a naked man asleep on the bed. The portion of the bed near the headboard was covered with blood. The police also found a black baseball cap beside the bed. Sergeant Lamphiere handcuffed the man and tried to awaken him. Another officer removed a driver's license from a pair of jeans on the floor that identified the man as Kerry Lee Collins. When police were finally able to awaken Mr. Collins, Sergeant Lamphiere read him his *Miranda* rights and transported him to Lafayette County Jail.

At approximately 6:00 a.m. on April 28, 1996, Steven Bradley left for work after staying with his girlfriend, Angela Jobe, who lived near Mrs. Smith's home. He noticed that the shell on the back of Ms. Jobe's truck was open. When he got in his own truck, he noticed that a baseball cap was missing. He later identified the baseball cap found at the crime scene as the cap that was missing from his truck. When Ms. Jobe went out to her truck, she noticed that someone had been inside the truck and had gone through her glove compartment. She also discovered that a baseball bat was missing from the back of the truck. Ms. Jobe identified the bat that was found in Mrs. Smith's house as the bat that was missing from her truck.

The State charged Mr. Collins by information, as a prior offender, with one count of first degree burglary, one count of forcible rape, and one count of armed criminal action. He was not charged with theft of the baseball bat or baseball cap. A jury found Mr. Collins guilty of all three counts. The judge sentenced him to consecutive terms of fifteen years for burglary, life imprisonment for rape, and ninety-nine years for armed criminal action. This appeal followed.

## II. ADMISSION OF TESTIMONY REGARDING BASEBALL BAT

As his first point on appeal, Mr. Collins claims that the trial court abused its discretion in overruling his motion in limine and admitting testimony at trial that Mr. Collins stole a baseball bat and baseball cap from automobiles belonging to Ms. Jobe and Mr. Bradley.

Prior to trial, Mr. Collins filed a motion to exclude any evidence or testimony relating to tampering with Ms. Jobe's or Mr. Bradley's vehicle. Mr. Collins argued that it was not relevant where the baseball bat and baseball cap found inside Mrs. Smith's home came from and that any possible probative value from this evidence was outweighed by its prejudicial effect. The court denied Mr. Collins's motion.

A motion in limine preserves nothing for review. *State v. Stephan,* 941 S.W.2d 669, 674 (Mo.App.1997). If the motion is overruled, an objection must be made at the time the evidence is introduced so that the court has an opportunity to rule on the motion in the context of the trial. Here, although Mr. Collins made a pre-trial motion to exclude both Ms. Jobe's and Mr. Bradley's testimony, he made no objection when Ms. Jobe testified at trial.[1] Because Mr. Collins made no objection to her testimony at trial, his claim of error in admission of Ms. Jobe's testimony is reviewed only for plain error. *State v. Gray,* 887 S.W.2d 369, 387 (Mo. banc 1994), *cert. denied,* 514 U.S. 1042, 115 S.Ct.

1. When Ms. Jobe began to explain that her children told her where they saw the bat, Mr. Collins did object on the basis of hearsay. The trial court sustained this objection. However, during Ms. Jobe's testimony, Mr. Collins never made any objection on the ground that Ms. Jobe's testimony constituted improper propensity evidence.

1414, 131 L.Ed.2d 299 (1995). To be entitled to relief under the plain error rule, the defendant must show that the error affected his rights so substantially that a miscarriage of justice or manifest injustice would occur if the error is not corrected. *State v. Silvey,* 894 S.W.2d 662, 671 (Mo. banc 1995).

Evidence of prior uncharged crimes, wrongs, or acts is not admissible to show that the defendant has a propensity to commit such crimes. *State v. Clover,* 924 S.W.2d 853, 855 (Mo. banc 1996); *State v. Jacobs,* 939 S.W.2d 7, 9 (Mo.App.1997). Such evidence is admissible, however, if it is both logically relevant, meaning that it has a legitimate tendency to directly establish the defendant's guilt of the crime charged, and legally relevant, meaning that the probative value of the evidence outweighs its prejudicial effect. *Id.* Evidence is logically relevant if it tends to establish motive, intent, absence of mistake or accident, a common plan or scheme, or identity. *Id.*

Here, we see no manifest injustice from admission of the testimony regarding the baseball bat. The testimony regarding the source of the baseball bat was relevant to establish Mr. Collins's intent and showed his planning or preparations for the burglary and assault. Because the baseball bat was the weapon used against the victim, it was proper to show how Mr. Collins came to possess it. The fact that he stole the bat and came into Mrs. Smith's house carrying it was also relevant to his intent and state of mind at the time of the attack. We find no plain error in admission of the baseball bat.

Mr. Collins also raises error in admission of Mr. Bradley's testimony about the baseball cap taken from the latter's car. In this instance, when the prosecutor questioned Mr. Bradley at trial, Mr. Collins did renew his pre-trial motion in limine regarding evidence of tampering with the vehicles. The trial court overruled the motion, but granted defense counsel's request that it be considered a continuing objection. This was adequate to preserve the issue for appeal. We, therefore, address the merits of Mr. Collins' claim of error.

The trial court has broad discretion over the relevancy and admissibility of evidence, and the trial court's determination on these issues will not be reversed absent an abuse of discretion. *State v. Tokar,* 918 S.W.2d 753, 770 (Mo. banc), *cert. denied,* —— U.S. ——, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996). Here, the State argues that the way Mr. Collins acquired the baseball cap was relevant as a part of the res gestae leading up to the crime. Even were we to reject this argument, as Mr. Collins requests that we do, we would not reverse based on admission of this evidence. To warrant reversal, improperly admitted evidence must have resulted in prejudice to the defendant. *State v. Larson,* 941 S.W.2d 847, 854 (Mo.App.1997). As the State notes, Mr. Collins was charged with first degree burglary, forcible rape, and armed criminal action. He entered Mrs. Smith's home at night, hit her in the head with a baseball bat, and forcibly raped her in her own bedroom, all while her six-year-old daughter was asleep in the house. In these circumstances, the effect, if any, of showing Mr. Collins acquired the baseball cap he wore the night of the crime by stealing it was minimal and could not have affected the outcome of the case.

Mr. Collins's first point is denied.

### III. USE OF POLICE REPORT TO REFRESH SERGEANT'S RECOLLECTION

In his second point on appeal, Mr. Collins argues that the trial court erred in refusing to allow him to refresh Sergeant Lamphiere's recollection with his police report because Sergeant Lamphiere could not remember whether Mr. Cox had told him that Mrs. Smith had said that she had been raped.

At trial, Mr. Collins's counsel questioned Sergeant Lamphiere about what Mr. Cox told him when he arrived at the scene. The following exchange took place:

Q. And you talked to a James Cox when you got there, correct?

A. Yes, ma'am.

Q. And he said he had a white female inside his house?

A.   He said more than that.

Q.   Right. He said that she's said she'd been assaulted?

A.   It was more than that.

Q.   But, she, he said that?

A.   Do you want to know exactly what he said?

Q.   Well, I'm getting there. But, he did say that she indicated that she had been assaulted?

A.   Yes.

Q.   And that was with a baseball bat?

A.   Correct.

Q.   Didn't say she said she'd been raped?

A.   Said she was naked when she got there.

Q.   But, he didn't say she'd been raped?

A.   Not that I can remember, no.

Q.   And would it help to look at your report to refresh your memories of that conversation?

The prosecutor then objected, stating that he did not "see any reason to refresh anything." The court instructed defense counsel to re-phrase her question. Defense counsel asked Sergeant Lamphiere if he wrote in his report what Mr. Cox told him. Sergeant Lamphiere responded affirmatively. Defense counsel then showed Sergeant Lamphiere his report to refresh his memory. When defense counsel asked Sergeant Lamphiere if his report said Mr. Cox told him that Mrs. Smith told Mr. Cox she had been raped, the prosecutor objected. The prosecutor stated, "I'm going to object, that's been asked and answered. She asked that question and he said he didn't tell him that." The court sustained this objection.

Mr. Collins now argues that the trial court erred in sustaining the State's objection to Mr. Collins's attempt to refresh Sergeant Lamphiere's recollection with his police report as to whether Mr. Cox had told the sergeant that Mrs. Smith said she was raped. As is obvious from the facts above, the court did not refuse to allow defense counsel to refresh the sergeant's recollection. On the contrary, defense counsel *did* show Sergeant Lamphiere the report. Instead, the court sustained the prosecutor's objection on the

ground that defense counsel's question had been asked and answered. Mr. Collins does not allege the latter ruling was error. Even were it error, we can say without hesitation that it was not prejudicial. The officer had already testified that he did not remember Mr. Cox telling him that Mrs. Smith had said that she had been raped. The prosecutor admitted as much when, during his objection, he stated that Sergeant Lamphiere testified that Mr. Cox "didn't tell him that." More-over, Mr. Cox had previously testified that he did not tell the officer who took his statement that Mrs. Smith had told Mr. Cox she had been raped. Accordingly, no prejudice re-sulted and reversal is not required. *Larson*, 941 S.W.2d at 854. Mr. Collins's second point is denied.

## IV.   CLOSING ARGUMENT

■  In his final point on appeal, Mr. Collins asserts that the trial court abused its discretion in failing to strike, *sua sponte*, the prosecutor's comments during closing argu-ment because the prosecutor improperly vouched for the credibility of the State's wit-nesses and for the strength of its case. Dur-ing closing argument, the prosecutor stated:

The facts in this case are true and it's obvious. And it's obvious to me. We don't need to make this [so] difficult and contin-ue to ask different questions that perhaps were never asked, including of Mrs. Smith.

. . . .

But, we know why she ran out of that house. We know why she left her six year old daughter, hoping he wouldn't find her as he hadn't found her at that point. We know why she ran out of the house and looked for help and sought help as fast as she could.

We know why she was naked, because he ripped her clothes off.

We know why she was bleeding, because he hit her with a bat.

Defense counsel made no objection at the time the prosecutor made this argument. Mr. Collins now argues that, by using the phrases "it's obvious to me" and "we know why," the prosecutor made himself the "thir-teenth juror," and that the trial court should have, *sua sponte*, stopped the prosecutor's

argument and admonished the jury to disregard it.

Mr. Collins concedes that he did not adequately preserve this issue for review because he did not object during the closing argument. He requests that we review for plain error. "Relief should rarely be granted on assertions of plain error as to closing argument because, 'in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention.'" *State v. Silvey*, 894 S.W.2d 662, 670 (Mo. banc 1995) (quoting *State v. Clemmons*, 753 S.W.2d 901, 907–08 (Mo. banc), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988)); *State v. Wyman*, 945 S.W.2d 74, 77 (Mo.App.1997). Another reason for rarely granting plain error relief for matters dealing with closing argument is because "trial strategy looms as an important consideration [in deciding whether to object] and such assertions are generally denied without explanation." *State v. Kinder*, 942 S.W.2d 313, 329 (Mo. banc 1996) (quoting *State v. Wood*, 719 S.W.2d 756, 759 (Mo. banc 1986)).

Here, defense counsel had argued that it was not credible to believe that Mrs. Smith would have left her six-year-old daughter in the house with the man who had just raped her. In response, the prosecutor was arguing that while Mrs. Smith did not specifically testify as to why she did what she did, the evidence explained why she ran out of the house, why she was naked, and why she was bleeding. Specifically, Mrs. Smith ran out of the house because she wanted to get help and the assailant did not know Mrs. Smith's daughter was still in the house; Mrs. Smith was naked and bleeding because the assailant had ripped off her clothes and hit her in the head with a bat.

The use of the phrase "we know why" was clearly rhetorical. We do not believe it was an improper attempt to personalize the argument, for it did not ask the jury to put themselves in the place of the victim, nor did it suggest that the prosecutor had access to evidence not available to the jury. To the contrary, by stating that "we"—that is, the jury and the other persons in the court-room—knew why Mrs. Smith acted as she did and by then restating record evidence which, if believed, explained her conduct, the prosecutor was clearly referring the jury to the testimony in the record. We find no plain error. Mr. Collins's third point is denied.

For all the foregoing reasons, the judgment of the trial court is affirmed.

All concur.