STATE of Missouri, Plaintiff–
Respondent,

v.

Michael D. SMOTHERMAN,
Defendant–Appellant.

No. 22307.

Missouri Court of Appeals,
Southern District,
Division Two.

April 14, 1999.

Motion for Rehearing or Transfer
Denied May 3, 1999.

David Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Kenneth P. Ferguson, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Michael Smotherman ("Defendant") was convicted by a jury of one count of the class A felony of assault in the first degree, section 565.050, RSMo 1994, and one count of armed criminal action, section 571.015, RSMo 1994. The jury found that Defendant attempted to kill or cause serious physical injury to his wife, Marla Smotherman ("Wife"), by shooting her and in the course of such conduct Wife sustained serious physical injury. Further, the jury found that Defendant committed the assault through the use, assistance or aid of a deadly weapon. Defendant was sentenced to ten years for the assault count and three years for the count of armed criminal action, with the sentences to run consecutively.

On appeal, Defendant essentially claims that: (1) the trial court committed error in admitting evidence that Defendant had physically abused Wife "twice a year during their twenty-six year marriage" in that such evidence "had no legitimate probative value" and "was prejudicial in that it was evidence of uncharged crimes"; and (2) the evidence failed to prove Defendant "shot" Wife and, therefore, the judgment was not supported by sufficient evidence.

In determining whether the evidence is sufficient to support the verdict, we view the evidence and all inferences reasonably to be drawn therefrom in the light most favorable to the verdict, and disregard all contrary evidence and inferences. *State v. Kruger*, 926 S.W.2d 486, 488 (Mo.App. 1996); *State v. Baker*, 859 S.W.2d 805, 811 (Mo.App.1993). "Our function is not to weigh the evidence, but to determine only whether there was sufficient evidence from which a rational fact finder could have found defendant guilty beyond a reasonable doubt." *Kruger*, 926 S.W.2d at 488(ci-

tation omitted); *see also State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998).

Defendant and Wife married in 1969. They had six children of which Leighann, 12, and Jacob, 11, are the youngest.[1] On April 3, 1997, Wife filed for divorce, sought and was granted an order of protection.[2] On the same day, pursuant to the order of protection, Defendant moved out of the family home, ransacking the house in the process. Two weeks later, on April 17, 1997, Wife was awakened around 11:00 p.m. by the sound of a "motor." The noise was produced by an electric chainsaw Defendant was using while attempting to saw through the back door of her home. Wife tried to use the phone but could get no dial tone since Defendant had cut the phone line going to the house. Defendant was eventually frustrated in his efforts when the circuit breaker to the kitchen tripped, cutting off power to the chainsaw. Defendant then broke through the door. Once Wife realized the phone was inoperative she retrieved a .38 caliber pistol she had obtained that day, loaded a bullet into it, and hid in the bathroom. After gaining entry into the house Defendant proceeded down the main hallway of the house, turned on a light, and espied Wife in the bathroom. Wife at that point realized Defendant was carrying a .22 caliber semi-automatic rifle. Defendant had purchased the rifle and chainsaw that day. Upon seeing Wife, Defendant remarked, "Hello, Marla, I've got somethin' for you" and opened fire. Defendant fired "four or five" shots. Wife fired a single bullet in return. During this exchange, one of Defendant's shots hit Wife's gun sending "metal fragments" into her chest and seriously injured her hand.[3] It is unclear from the record on appeal whether or not

the metal fragments that entered her hand were pieces of gun or bullet. After the injury to her hand, Wife ran at Defendant, knocked him against the wall, and attempted to escape through the front door. Wife was unable to exit the house, however, because Defendant had used a nail and cable to fasten the screen door shut from the outside. After a struggle, Defendant eventually caught Wife, dragged her into the living room, and began to beat her with the butt of the rifle on her chest and top of her head. Throughout the incident the couple's two youngest children, Leighann and Jacob were in the home, witnessing the events. The couple continued to struggle, with Defendant beating Wife with the rifle butt; at one point, according to Wife, Defendant began "swinging" a knife at Wife with his left hand. During this time the two children were screaming for their father to stop and were throwing things at him. Sometime during the struggle Defendant stepped back and tripped over something on the floor. Defendant's fall allowed Wife to hit the screen door with her shoulder, opening it, at which point she and the children ran across the street and were able to get help and call the authorities from a neighbor's house. Defendant returned to his truck, which he had parked a block away, and drove south, finally turning himself in to the police in Terrell, Texas, at three o'clock p.m. the next day.

### I.

In his first point on appeal, Defendant claims the trial court erred in overruling his objection to the evidence that Defendant physically abused Wife twice a year during their 26 year marriage. He

---

1. Children's ages are as of time of trial.

2. Wife testified that Defendant had previously threatened to kill her if she were to file for divorce.

3. At trial Wife testified to the surgery performed on her right hand. She stated she returned three times for further medical treat-

ment and was still receiving treatment at the time of trial. At trial she said that "[s]ome of the metal is still working its way up through the top of the surface of the skin and my thumb goes numb on me sometimes." She also stated that her thumb "aches all the time, like an arthritis ache, but at nighttime if I type real heavy it aches real bad."

contends that the evidence had "no legitimate probative value" and was "prejudicial in that it was evidence of uncharged crimes."

Wife's contested testimony was as follows:

Q. (By Prosecutor) Was he ever abusive to you physically prior to [the date Defendant ransacked the house.]

A. (By Wife) Yes.

Q. Can you tell us, give us an estimate of how often?

A. I would say probably twice a year.

Q. During each of the 26 years?

A. Yes.

Q. How would you best describe your marriage?

A. It was violent.

■■■ In our review of Defendant's claim of error, we "first acknowledge that trial courts have broad discretion in determining the relevancy and admissibility of evidence." *State v. Martinelli*, 972 S.W.2d 424, 435 (Mo.App.1998). As a general rule, "evidence of prior uncharged misconduct is inadmissible for the purpose of showing the propensity of the defendant to commit such crimes." *State v. Williams*, 865 S.W.2d 794, 802 (Mo.App.1993); *see State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993); *Martinelli*, 972 S.W.2d at 436; *State v. Jacobs*, 939 S.W.2d 7, 10 (Mo.App. 1997). However,

> [e]vidence of prior misconduct of the defendant, although not admissible to show propensity, is admissible if the evidence is logically relevant, in that it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial, and if the evidence is legally relevant, in that its probative value outweighs its prejudicial effect.

*Bernard*, 849 S.W.2d at 13(citation omitted); *Williams*, 865 S.W.2d at 802. Evidence of prior uncharged misconduct is commonly considered to be of such a degree of relevance as to outweigh the prejudicial effects in instances when the issue on which the evidence is offered relates to motive, intent, absence of mistake or accident, common scheme or plan, identity, or signature/*modus operandi*/ corroboration. *Bernard*, 849 S.W.2d at 13–17; *State v. Aldrich*, 936 S.W.2d 834, 837 (Mo.App. 1996). Even if the evidence does not fall under one of the enumerated exceptions, it may be admissible if the evidence is logically and legally relevant. *Jacobs*, 939 S.W.2d at 10.

■■■ "Missouri courts often admit evidence of prior misconduct by the defendant against the same victim in murder and assault cases." *State v. Post*, 901 S.W.2d 231, 236 (Mo.App.1995); *see* collected cases in *Williams*, 865 S.W.2d at 802. "Whether evidence is too remote to be material is largely a matter of discretion for the trial court." *Williams*, 865 S.W.2d at 804(quoting *State v. Coleman*, 857 S.W.2d 363, 366 (Mo.App.1993), which allowed evidence of uncharged misconduct occurring ten years prior to the offense on trial). Additionally, "[r]emoteness of time goes to the weight of the testimony not to its admissibility." *Id.*(citing *State v. Muthofer*, 731 S.W.2d 504, 509 (Mo.App.1987) which allowed evidence of acts which had occurred more than two decades prior to the crime charged); *see also Bernard*, 849 S.W.2d at 19–20.

We find the case of *State v. Jacobs*, 939 S.W.2d 7 (Mo.App.1997), to be instructive. In *Jacobs*, the defendant and the victim had a five-year relationship that included abusive behavior on the part of the defendant. *Id.* at 9(one incident involved fracturing his spouse's rib; another involved beating his spouse with his fists, a broomstick, and a television stand and choking her with a television cable). The defendant and the victim had one child, of which victim received custody after leaving the defendant and obtaining a protective order against him. *Id.* The defendant subsequently kidnapped victim and child at gunpoint, and threatened to kill victim and himself. *Id.* Evidence of the past abusive

behavior was admitted at the defendant's trial. *Id.* at 9–10. The court of appeals held that admission of such evidence was permissible in that "[t]he evidence showed [defendant's] animus toward [victim] and his motive to injure her", *id.* at 10, and further that "[t]he evidence of prior domestic abuse tended to establish [defendant's] intent and motive to commit the crimes charged." *Id.*[4]

A similar result was reached by this Court in *State v. McCracken*, 948 S.W.2d 710 (Mo.App.1997). In *McCracken* we held that it was not plain error resulting in manifest injustice on the part of the trial court to admit evidence that the defendant had, among other things, harassed his ex-wife, physically assaulted men she was dating, and had physically assaulted her. *Id.* at 713. As in *Jacobs*, we held that the evidence exhibited "the continuing animus of Defendant toward his ex-wife, and arguably demonstrates his motive and intent to injure her. . . ." *Id.*

Defendant's explanation of the events of that night put motive and intent squarely in issue. Defendant testified that he went over to Wife's house to "talk her into seeing the kids." He claimed the reason he had the gun was that he was going to shoot himself if he "couldn't talk her into working out some kind of deal. . . ." He claimed he loaded the gun and fired at Wife because Wife fired at him first. According to Defendant, only when Wife opened fire did he put a clip in his rifle and try to shoot the gun out of Wife's hand in order to disarm her and stop the "gun play." Defendant further claimed that after Wife's hand was injured he tried "to get her in the bathroom, in the bedroom, you know, to wrap her hand up. . . ."

The balancing of the effect and value of evidence of prior misconduct by Defendant in the instant case lies within the sound discretion of the trial court. *Wallace*, 943 S.W.2d at 724; *Jacobs*, 939 S.W.2d at 10.

We cannot say that the trial court committed error in allowing Wife to tersely testify about past abuses by Defendant. The evidence complained of showed Defendant's continuing animus toward Wife and was probative as to whether or not his intent during those times that he fired his rifle was to kill Wife or cause her serious physical injury. *Jacobs*, 939 S.W.2d at 10. "The evidence of prior domestic abuse tended to establish [Defendant's] intent and motive to commit the crimes charged." *Id.* Given the circumstances of the facts in this case, we cannot say that the trial court abused its discretion in allowing the evidence of past, domestic abuses by Defendant, particularly considering the overwhelming evidence of Defendant's guilt. *See id; State v. Rogers*, 820 S.W.2d 567, 569 (Mo.App.1991).

## II.

In his second point on appeal, Defendant claims that the trial court erred in denying his motion for judgment of acquittal notwithstanding the verdict. He argues there was insufficient evidence at trial to prove that Defendant "attempted to kill or cause serious physical injury to [Wife], *by shooting her* . . ." as recited in the verdict director. Defendant argues that since the words "by shooting" were part of the instruction it became a requirement that the State present sufficient evidence that the jury could find, beyond a reasonable doubt, that one of the bullets from Defendant's gun hit Wife. Defendant suggests this was not proven.

Section 565.050 reads, in pertinent part:

1. A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.[5]

2. Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on

---

4. *But cf. State v. Wallace*, 943 S.W.2d 721 (Mo.App.1997).

5. In first degree assault the perpetrator does not have to actually hit the person at whom he or she is shooting. *See State v. Lauer*, 955 S.W.2d 23, 25 (Mo.App.1997)(the extent of a

**530**

the victim in which case it is a class A felony.[6]

§ 565.050.2, RSMo 1994.

As a general rule, intent is not susceptible of direct evidentiary proof and may be based upon circumstantial evidence or inferred from surrounding facts. *State v. White*, 847 S.W.2d 929, 933 (Mo.App. 1993). The jury is permitted to draw such reasonable inferences from the evidence as the evidence will permit, and may believe or disbelieve all, part, or none of the testimony of any witness. *Id.* The defendant's mental state may be determined from evidence of the defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct. *Id.*; *Johnson*, 948 S.W.2d at 166.

There is little question that Defendant's .22 caliber semi-automatic rifle that he carried into the family home and with which he admitted shooting in the direction of Wife was a deadly weapon. *See McMahan*, 821 S.W.2d at 112. Wife testified that Defendant initiated the fracas by breaking into her home. He located Wife in the bathroom. Defendant then fired four or five shots into the bathroom where Wife was located. Defendant clearly admits to attempting to shoot Wife's gun out of her hand. The evidence shows that this action resulted in significant injury to Wife's right hand; she was also wounded in the chest. Detective Terry Folks testified that he found four .22 caliber shell casings (the same caliber as Defendant's rifle) at or near the hallway by the bathroom and determined that the bullets "went from the hallway through the bathroom area...." Additionally, Detective Folks found one spent .38 caliber round, located in the hallway. Detective Michael Hobson confirmed Detective Folks' obser-

vations and testified that he collected a .38 caliber revolver from the bathroom, corroborating Wife's statement relating that she had a pistol with her at the time of fracas and that she fired but one shot. Lastly, Defendant's daughter, Leighann, testified that she was awakened by gunshot and saw Defendant aiming "[a] big gun" into the bathroom. Defendant's use of his rifle under the foregoing circumstances supports the inference that Defendant attempted to kill or cause serious physical injury to Wife. *Id.* Reasonable jurors could have concluded from this evidence that Defendant attempted to kill or cause serious physical injury to Wife by shooting her. *Id.*; *Chaney*, 967 S.W.2d at 52; *State v. Mishler*, 908 S.W.2d 888, 891 (Mo.App.1995).

The judgment is affirmed.

SHRUM, P.J. and MONTGOMERY, J., concur.

---

victim's injuries, or even whether the victim was injured at all, is not a necessary element of class B felony of first degree assault); *State v. McMahan*, 821 S.W.2d 110, 112 (Mo.App. 1991)(the actual wounding of the victim is not a necessary element of the class B felony; however, it is strong evidence of an attempt to kill or do great bodily harm); *see also State v. Johnson*, 948 S.W.2d 161, 166 (Mo.App.1997).

**6.** It is uncontested that Wife suffered a serious wound as a direct result of Defendant's actions in firing his weapon at her and hitting the pistol she was holding with her right hand, thereby causing a protracted loss or impairment of the function of her right hand. § 565.002(6); *Kruger*, 926 S.W.2d at 488; *see also* § 565.050.2.