STATE of Missouri, Respondent,

v.

James Francis DOOLEY, Appellant.

James Francis DOOLEY, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 59103, 61524.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 16, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 13, 1993.

Application to Transfer Denied
May 25, 1993.

Charles Clifford, James C. Ochs, Christopher Risler, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant appeals from his convictions in the Circuit Court of St. Charles County on burglary first degree (2 counts), kidnapping (2 counts), assault second degree and victim tampering. He was acquitted on two counts of unlawful use of a weapon. He was sentenced to various consecutive and concurrent terms totalling thirty years. We affirm.

Mona L. Keith (victim) was an employee of St. Joseph's Health Center in 1983 when she met James Dooley (defendant) who was working on a construction project there. The relationship quickly developed and defendant moved into victim's trailer home. Defendant became violent and in July of 1985 victim gathered his possessions and dumped them on the lawn of his permanent residence. Three days later defendant beat and tied up victim inside her trailer home. On December 7, 1985, victim returned home early in the morning from a party with a male friend. Defendant arrived shortly thereafter and forced his way into the trailer. Victim told him to leave but instead he punched her, ripped off her dress and kicked her several times with his steel toed boots while her friend watched. Defendant then dragged her by the hair to his car and drove her to a rural residence where he beat and threatened her for the next day and a half before releasing her. Victim's co-workers convinced her to file a report with the police which she did.

On May 6, 1986 victim was painting her front porch when defendant pulled up in his car and told her she was leaving with him. Victim ran into the trailer, locked the door and began to dial the police. Defendant yanked open the door, grabbed the phone and punched victim in the face. He told her that he had warned her not to press charges. He again dragged her out of the trailer and into his car. This time, however, victim jumped out of the car severely injuring herself.

Defendant's first point on appeal is that the motion court erred in dismissing his Pro Se Rule 29.15 Motion. He claims that ambiguities and conflicts exist in the rules and this should be resolved in his favor. We disagree.

Rule 29.15(b) states that a post-conviction motion must be filed within thirty days from the filing of the *transcript* on appeal. Rule 29.15 provides the exclusive procedure by which a person claiming that

a conviction or sentence violates the state or federal constitution may seek relief. *State v. Smith*, 798 S.W.2d 152, 153 (Mo. banc 1990). The time limitations of 29.15 are mandatory. *Smith* at 153. The transcript on appeal was filed March 22, 1991 but the Rule 29.15 motion was not filed until April 30, 1991, eight days out of time. The trial court is without authority to grant additional time. *State v. Six*, 805 S.W.2d 159, 169, 170 (Mo. banc 1991), cert. den. —— U.S. ——, 112 S.Ct. 206, 116 L.Ed.2d 165. Defendant claims that the reference to Rule 30.04 within Rule 29.15(b) relates to 30.04(f) which discusses the 'record' on appeal. In this case the Rule 29.15 motion was filed within 30 days of the record. This argument, however, simply misstates the language of Rule 29.15(b). The rule allows 30 days after the transcript is filed in order to provide an opportunity for review of trial incidents which may warrant post-conviction relief. Until the written transcript is available, newly retained or appointed counsel would have no means of discovering such incidents. The legal file, the second portion of the record on appeal, is always available in the court file. No period of delay is necessary for examination of matters encompassed within the legal file. Thus, both the words of Rule 29.15(b) and logic refute defendant's argument. Defendant's first point is denied.

■ Defendant's second point on appeal is that the trial court erred in submitting Instruction No. 7 on burglary first degree. The instruction, patterned upon MAI–CR 3d 323.52, required the jury to find that defendant entered the victim's residence on December 7, 1985, intending to commit the crime of assault. Assault is defined in the instruction as "caus[ing] or attempt[ing] to cause physical injury."

Defendant alleges that the jury was allowed to convict him of burglary first degree on the basis of a misdemeanor, assault third degree, not a felony. He cites to *State v. Shivers*, 458 S.W.2d 312 (Mo. 1970) for support. *Shivers* held that you must have the intent to commit a felony to be guilty of burglary first degree. *Shiv-*

*ers*, however, dealt with Section 560.040 RSMo. (1969) which stated that there must be an "intent to commit some felony …". The current statute for burglary first degree, Section 569.160 RSMo. (1986) states only that you must have "the purpose of committing a crime …". The instruction tracks the language of MAI–CR 3d 323.52 and the definition of assault tracks the statute. Section 565.070 RSMo. (1986). Section 569.160 requires only the intent to commit "a crime." The trial court did not err in submitting Instruction No. 7. Defendant's second point is denied.

■ Defendant's third point on appeal is that the trial court erred in submitting instruction Nos. 10 and 16, the verdict directors for each of the kidnapping charges. He claims the evidence does not support the submission of the disjunctive purpose clause.

Instructions 10 and 16 were identical except for the date of the offense, December 7, 1985 vs. May 6, 1986, and in both, paragraph 3 required the jury to find that the defendant's purpose was the "inflicting of physical injury on or terrorizing Mona L. Keith." As we understand defendant's argument, his complaint deals with the possibility that some jurors may believe one of the alternative purposes while other jurors accept another alternative. This possibility, he argues, casts doubt upon the required unanimity of a jury verdict in a criminal case. We disagree.

Both instructions are based on MAI–CR 3d 319.24 and both follow the language of Section 565.110.1(5) RSMo.1986 which provides:

1. A person commits the crime of kidnapping if he unlawfully removes another without his consent from the place where he is found or unlawfully confines another without his consent for a substantial period, for the purpose of …

(5) Inflicting physical injury on or terrorizing the victim or another.

■ When the disjunctive submission merely involves the purpose by which the crime could be committed there is no prejudice because unanimity is required only with respect to the ultimate issue of guilt

or innocence and not with respect to alternative methods by which the crime may be committed. *State v. Marks*, 721 S.W.2d 51, 54 (Mo.App.1986). Each instruction charged the commission of a single act, the removal of the victim from her home without her consent. This act is the gravamen of each offense upon which the jury unanimously agreed. There is no requirement of jury unanimity upon the purposes for which the act was committed. Defendant is guilty if either purpose is found. *State v. Salem*, 780 S.W.2d 683, 684–85 (Mo.App. 1989). Defendant's third point is denied.

■ Likewise without merit is defendant's similar complaint regarding Instruction 19, the verdict director for victim tampering. The instruction, patterned after MAI–CR 3d 329.88, required the jury to find Mona L. Keith was the victim of assault, burglary, unlawful use of a weapon, or kidnapping, and that defendant attempted to prevent or persuade her from prosecuting. The instruction follows the language of § 575.270.2 RSMo.1986. Defendant argues that because he was acquitted of the crime of unlawful use of a weapon, Mona L. Keith could not be a victim of that offense and, therefore, one of the disjunctive submissions is without evidentiary support.

This argument is defective given the statute's language that "any person who has been a victim of any crime" is a victim. Section 575.270.2. We decline to narrow the class of "victims" by holding that defendant must be guilty of all underlying charges before he can be found guilty of victim tampering. Defendant's fourth point is denied.

Defendant's fifth point on appeal is that the trial court erred in submitting Instruction No. 5, the verdict director for second degree assault. Defendant claims this instruction did not comply with MAI–CR 3d 319.12 and that it is at variance with the information which prejudicially hindered his defense.

■ The deviation from MAI–CR 3d 319.12 which defendant claims to be prejudicially erroneous is the failure of the instruction to include a definition of the term "serious physical injury." Defendant relies upon Notes On Use 7 under MAI–CR 3d 319.12 which mandates the definition of that phrase if used in an instruction. MAI–CR 3d 319.12 provides for two optional methods of instructing on the offense of assault in the second degree: 1) causing or attempting to cause physical injury by means of a deadly weapon or dangerous instrument, 2) recklessly causing serious physical injury. If the second option is used the phrase "serious physical injury" must be defined pursuant to note 7. In this case, the first option was used and, as required by note 7, the term "dangerous instrument" was defined. It is within that definition that the phrase "serious physical injury" appears. MAI–CR 3d 333.00, Notes on Use E, provides that when a word or group of words requiring definition are used only as a part of the definition of another term, a definition of the former is only required if requested in writing. The legal file contains no such written request. Therefore, since the phrase "serious physical injury" was not used as an element of the charged offense but only as a part of the definition "dangerous instrument" no definition of the former phrase was mandated.

■ Moreover, the phrase "serious physical injury" was properly defined in Instructions 11 and 17, the verdict directors on the two lesser included charges of felonious restraint. In determining the existence of prejudicial error, all of the instructions must be reviewed as a whole. *State v. Urban*, 798 S.W.2d 507, 513 (Mo.App. 1990). Since the proper definition was twice read to the jury, its omission from Instruction 11, even if it had been required, can hardly be seen as prejudicial.

■ Defendant's second attack directed against Instruction 5 charges a variance from the information. The case was tried on the fourth amended information which charged defendant with assault by attempting to cause serious physical injury by means of a dangerous instrument. The instruction required the jury to find that defendant attempted to cause serious phys-

ical injury "by means of a dangerous instrument, to wit: steel-toed boots." Rather than being a variance as charged by defendant, the addition of the words "steel-toed boots" was merely a descriptive explication of a general term. Furthermore, defendant can hardly claim prejudice when the third amended information, supplanted by the fourth on the morning the trial commenced, included "steel-toed boots" as a specification of the dangerous instrument used. Point denied.

■ Defendant's sixth point on appeal is that Instruction No. 14, the verdict director for burglary first degree on May 6, 1986, is defective. He claims the disjunctive submission of separate elements confused and misled the jury.

Once again defendant complains that a disjunctive submission of alternative purposes for unlawfully remaining in the victim's residence was erroneous. Once again we disagree as unanimity is required only for the ultimate issue of guilt or innocence, not with respect to alternative purposes with which the crime may be committed. *State v. Marks*, 721 S.W.2d at 54. Point denied.

Defendant's seventh point on appeal is that the trial court erred in overruling defendant's objections during direct examination of the victim. He claims the trial court abused its discretion by allowing character attacks and hearsay to be placed into evidence.

■ Defendant first objects to victim's testimony that shortly after he moved into her trailer the relationship became violent. Evidence of uncharged crimes is usually inadmissible unless it is relevant to establish defendant's guilt in the crimes charged. *State v. Ellis*, 820 S.W.2d 699, 702 (Mo.App.1991). Examples of relevancy include motive, intent, absence of mistake, common scheme or plan and identity of the accused. *Ellis* at 702. The relevancy of the evidence must outweigh the potential prejudice. *State v. Kenley*, 693 S.W.2d 79, 81 (Mo. banc 1985), cert. den. 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900 (1986). The evidence of defendant's violence earlier in the relationship establishes a motive for the crimes committed on December 7, 1985. Victim removed his belongings from the trailer and dumped them on the front lawn of his permanent residence effectively ending the relationship. She had done so in response to his violent behavior. Clearly this evidence was relevant and served to establish defendant's motive for the December 7, 1985 crimes.

■ Defendant also objects to the testimony describing contact between defendant and victim after the December 7, 1985 incident but prior to May 6, 1986. This testimony was relevant. If defendant and victim had re-established their relationship between the two incidents that would bear directly on the charge of burglary first degree on May 6, 1986, especially the element of illegal entry. Defendant claims he was prejudiced because victim stated that one of the contacts involved defendant's treatment at a rehabilitation center and another contact involved defendant's statement that he was getting his violence under control. Whether the prejudicial effect outweighs the probative value rests within the sound discretion of the trial court. *State v. Lachterman*, 812 S.W.2d 759, 767 (Mo.App.1991). Given the strong case against defendant and the relevancy of the testimony we cannot say the trial court abused its discretion. Defendant's seventh point is denied.

The judgment of the trial court is affirmed.

CRANE and CRAHAN, JJ., concur.