MARY W. SHEFFIELD, P.J.
Felix McGrundy Seals ("Movant") raises three points on appeal in which he charges clear error in the motion court's denial, after an evidentiary hearing, of two claims for ineffective assistance of trial counsel (Points 1 and 2) and one claim for ineffective assistance of appellate counsel (Point 3). Finding merit in Movant's third point, we reverse the motion court's denial of Movant's claim for ineffective assistance of appellate counsel, but affirm the order denying relief in all other respects.
Standard of Review and General Principles of Law
This Court reviews the motion court's findings and conclusions only for clear error. Rule 29.15(k).[1] We will find clear error only where a review of the entire record leaves a definite and firm impression that a mistake has been made. Hardy v. State , 387 S.W.3d 394, 399 (Mo. App. S.D. 2012).
"To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence that his or her trial counsel failed to meet the Strickland test in order to prove his or her claims." Johnson v. State , 406 S.W.3d 892, 898 (Mo. banc 2013) (citing Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). "Under Strickland , a movant must demonstrate that: (1) his or her counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation, and (2) he or she was prejudiced by that failure." Id. at 898-99.
"The standard of review for a claim of ineffective assistance of appellate counsel is essentially the same as that employed with trial counsel[.]" Helmig v. State , 42 S.W.3d 658, 682 (Mo. App. E.D. 2001). Specifically, "[t]o prevail on a claim of ineffective assistance of appellate counsel, [Movant] must show that his appellate counsel failed to raise a claim of error that a competent and effective lawyer would have recognized and asserted." Anderson v. State , 196 S.W.3d 28, 36 (Mo. banc 2006). Movant "must also have shown that the claimed error [was] sufficiently serious to create a reasonable probability that, if it was raised, the outcome of the appeal would have been different." Id. (internal quotation marks omitted). Appellate counsel is not, however, required to raise every possible claim raised in the motion for new trial and has no duty to present non-frivolous issues where appellate counsel makes a strategic decision to winnow out some arguments in favor of others.
*656 Tisius v. State , 519 S.W.3d 413, 431-32 (Mo. banc 2017). There is a presumption that appellate counsel's conduct fell within the wide range of reasonable professional assistance, and a movant must overcome that presumption by showing that appellate counsel's failure to raise an issue on appeal "was not a reasonable legal strategy." Tate v. State , 461 S.W.3d 15, 22 (Mo. App. E.D. 2015).
Background
Movant was convicted, following a jury trial, of second-degree domestic assault ("Count 1"), third-degree domestic assault ("Count 2"), and attempted victim tampering ("Count 3"). See §§ 565.073, 565.074, 575.270.[2] On direct appeal, one of Movant's two points alleged that Count 1 should be reversed and remanded for a new trial because the trial court plainly erred by failing to instruct the jury as to self-defense on that count. This Court agreed, reversed and remanded for a new trial as to Count 1 only, and affirmed the judgment in all other respects. State v. Seals , 487 S.W.3d 18, 20 (Mo. App. S.D. 2016). Thereafter, Movant filed a pro se motion alleging ineffective assistance of counsel pursuant to Rule 29.15. Appointed motion counsel then filed an amended motion, which the motion court denied in its entirety.[3] Additional background will be discussed below as necessary under each of the three points of error. We take Movant's points out of order for ease of analysis.
Point 1-Informing the Jury Panel during Voir Dire that Movant had Prior Domestic Violence Convictions
Movant's first point argues "[t]he motion court clearly erred in denying ... [Movant's] Rule 29.15 post-conviction motion claim that trial counsel were ineffective for informing the venire panel during voir dire that [Movant] had prior domestic assault convictions[.]" Movant claims he demonstrated that counsels' voir dire on the topic of his prior convictions was not supported by any reasonable trial strategy, and there is a reasonable probability that but for counsels' ineffective assistance, Movant would have been acquitted on all counts.
During voir dire, trial counsel Callie Moench ("Moench") conducted voir dire for the defense. She talked to the venire panel about Movant's right to choose whether to testify, and said that Movant had not yet decided what he would do.
Moench later asked the following question of the panel:
If knowing that [Movant] has two misdemeanor convictions for domestic assault, as well as one prior felony conviction for domestic assault, does knowing that make you-and nothing else-make you think he's more likely to be guilty right now?
I see one hand.
Any other hands?
So I'll rephrase that to be a little more clear.
Does knowing that [Movant] has past domestic assault convictions make anyone think he's more likely-as it stands right now, not knowing any other evidence, it's more likely that he's guilty of these charges?
Okay. I see a whole lot of hands.
The prosecutor then objected that the question did not call for a response that *657 would disqualify any jurors, because the jury could, technically, hold Movant's prior convictions against him "in terms of his credibility."
After extensive discussions with the court about whether the question as worded was designed to identify strikes for cause, Moench was permitted to rephrase the question as follows:
Okay. We had kind of an abrupt break, and I'm going to go back to the topic we were talking about. So we were talking about [Movant's] past domestic assault convictions.
At the end of the trial, the Judge is going to instruct you that you have to consider all the evidence presented.
Knowing that [Movant] has past domestic assault convictions, is that going to prevent anyone from being able to consider all the evidence before coming to a decision? Are you going to be able to consider everything, not just his past convictions, before you come to a decision about his guilt?
I see some heads nodding.
Would anybody not be able to consider all the evidence?
Juror No. 38? And, ma'am, I think we've spoken about this a bit. If you have something else you'd like to say, that's fine.[4 ]
[JUROR NO. 38]: No.
MS. MOENCH: Okay. Thank you. Anyone else; did I miss anyone? Anybody that would not be able to consider all the evidence?
The record does not reflect any responses to the last question set forth above, and Moench moved on to another line of questioning.
Co-counsel Stephanie Bullard ("Bullard") announced at the close of the State's case that Movant had chosen not to testify. Movant affirmed that decision under questioning by the court. After the court asked whether he understood that his attorneys could only offer advice and that the final decision on whether or not to testify was his to make, Movant had an off-the-record discussion with counsel. He did not testify.
Movant's amended motion alleged that Bullard and Moench were ineffective for informing the jury panel during voir dire that Movant had two prior misdemeanor convictions for domestic assault and a prior felony conviction for domestic assault.
Bullard and Moench both testified at the evidentiary hearing on the amended motion. Bullard testified that she had conversations with Movant prior to trial about whether he would testify at trial; that she did not know at the time voir dire was conducted whether or not Movant would testify; that Movant did not decide if he would testify until seconds before he announced that decision in open court; and, even during questioning from the trial court, Movant vacillated in his decision.
Bullard stated that if Movant had decided to testify, his prior convictions "definitely would have come in[.]" When asked if it was part of the trial strategy to voir dire for that possibility because they did not know if Movant would testify at that point, Bullard answered that she could not "recall specifically." However, she added that for jury trials, that strategy was certainly something she and co-counsel discussed. She recalled from past trials that if she knew the defendant was going to testify, she would broach the topic of past convictions during voir dire. She concluded that asking about prior convictions during voir dire "would have been something I would have done." Moench testified that she had performed the voir dire for the defense in consultation with Bullard.
The motion court found:
*658 At the time of voir dire Movant's counsel was unsure whether he would testify or not. During the evidentiary hearing Ms. Bullard stated that given [sic] Movant repeatedly changed his mind on whether he would testify. Because the jury would hear Movant's convictions if he testified, Ms. Bullard believed they should be addressed on voir dire. Trial counsel exercised reasonable trial strategy.
Referencing prior convictions during voir dire for the purpose of inoculating the jury to a defendant's criminal past or removing for cause members of the venire panel who indicate that they would hold those prior convictions against him at trial have long been accepted as reasonable trial strategy. See, e.g. , Williams v. State , 524 S.W.3d 553, 561, 563 (Mo. App. W.D. 2017) (collecting cases to support that proposition). Movant did not decide whether he would testify until pressed by the Court after the State rested, so counsel raised the issue during voir dire in the event Movant decided to testify. Indeed, the only juror who exhibited any predisposition on the issue was struck for cause and did not serve on the jury.
Movant's arguments ask us to reweigh the evidence before the motion court. Movant testified he had always maintained he would not testify at trial. The motion court obviously believed trial counsels' testimony to the contrary, and we may not second-guess that credibility determination. See, e.g. , Arata v. State , 509 S.W.3d 849, 853 (Mo. App. S.D. 2017). Movant also argues that because Bullard stated that in the past she had conducted voir dire on prior convictions when she knew the defendant would testify, and Bullard testified that she did not know whether Movant would testify, the motion court could not have found that Bullard conducted voir dire on past convictions in the event Movant testified. This attempt to cherry-pick portions of Bullard's testimony is misleading and violates our standard of review. On appeal, "we view the record in the light most favorable to the motion court's judgment, accepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment." Hardy , 387 S.W.3d at 399. Bullard was asked whether she might discuss prior convictions during voir dire when she was unsure if a defendant would testify. She responded "that would have been something I would have done." Granting all reasonable inferences from the evidence in the motion court's favor, it was not clear error for the motion court to find counsel had employed a strategy of inoculating the jury to Movant's prior domestic assault convictions had he chosen to testify.
Point 1 is denied.[5]
Point 3-Ineffective Assistance of Appellate Counsel
Movant's third point claims that the motion court clearly erred in denying Movant's claim that appellate counsel, Samuel Buffaloe ("Buffaloe"), was ineffective for failing to request that this Court reverse and remand his convictions for both Count 1 (second-degree domestic assault) and Count 3 (attempted victim tampering), rather than just Count 1, due to the trial *659 court's failure to submit self-defense with the verdict-directing instruction on Count 1.
As relevant here,
[a] person commits the crime of "victim tampering" if, with purpose to do so, he ... attempts to prevent or dissuade any person who has been a victim of any crime ... from ... [c]ausing a complaint, indictment or information to be sought and prosecuted or assisting in the prosecution thereof.
§ 575.270.2(2). "[V]ictim tampering is a class C felony if the original charge is a felony. Otherwise, ... victim tampering is a class A misdemeanor." § 575.270.3. "[T]he State must prove that the target of tampering was in fact the victim of a crime" and that requirement applies even when the defendant has been charged with attempted victim tampering. State v. Owens , 270 S.W.3d 533, 538, 542 (Mo. App. W.D. 2008).
Movant was charged by an amended information with two counts that might have served, in § 575.270.3 terms, as the "original charge": Count 1 for domestic assault in the second degree for an incident that occurred on March 12, 2013, and Count 2 for domestic assault in the third degree for an incident that occurred on February 6, 2013. The amended information charging Count 3, attempted victim tampering, asserted that Movant had attempted to prevent Victim from assisting in the prosecution of "domestic assault in the second-degree," just as the jury instructions later posited.
Buffaloe asserted instructional error as to Count 1 in his direct appeal brief because the trial court failed to instruct the jury on self-defense, but Movant now claims that Buffaloe should have requested that, if that point was granted on appeal, the accompanying charge of attempted victim tampering should have been reversed. Movant argues that under the amended information and jury instructions at trial, his conviction for victim tampering as to second-degree domestic assault was contingent upon there being a victim of second-degree domestic assault, an issue which could no longer be determined by a jury upon the reversal of his conviction in Count 1. Movant goes on to argue that a reasonably competent appellate counsel under similar circumstances would have raised this issue, and that a reasonable probability exists that had appellate counsel requested and explained the need for that relief, Movant's conviction for attempted victim tampering, Count 3, also would have been reversed.
In response, the State concedes that "[b]ecause the charge of amended [sic] victim tampering was based on the charge of domestic assault in the second degree, the tampering charge should have been reversed when this Court reversed the assault charge due to instructional error."[6] The State argues that Buffaloe should have requested that relief on direct appeal, but he failed to do so.[7] We agree, but will proceed to review the motion court's findings and conclusions because "[i]t is the existence of clear error, not the state's mere concession that it exists, which permits appellate relief." State v. Katura , 837 S.W.2d 547, 552 (Mo. App. S.D. 1992).
*660 The motion court's order denying relief relied on State v. Dooley , 851 S.W.2d 683 (Mo. App. E.D. 1993), to find Movant was not prejudiced by Buffaloe's performance. In Dooley , after the defendant's relationship had ended with the victim, he had forced his way into her home, beaten her, tied her up, and took her against her will to a rural area where he continued to beat her. Id. at 685. Then, after the urging of her co-workers, the victim filed a police report. Id. Several months later, the defendant arrived at victim's home, punched her in the face, told her that he had warned her not to press charges, and forced her into his car. Id. The State proceeded to trial on charges of first-degree burglary (two counts), kidnapping (two counts), second-degree assault, unlawful use of a weapon (two counts), and victim tampering. Id. The defendant was acquitted of the unlawful use of a weapon charges, but found guilty of the remaining charges. Id.
On appeal, the defendant noted that the verdict director for victim tampering required the jury to find that "[the victim] was the victim of assault, burglary, unlawful use of a weapon, or kidnapping, and that defendant attempted to prevent or persuade her from prosecuting." Id. at 687 (emphasis added). The defendant argued "that because he was acquitted of the crime of unlawful use of a weapon, [the victim] could not be a victim of that offense and, therefore, one of the disjunctive submissions is without evidentiary support." Id. The court disagreed:
This argument is defective given the statute's language that "any person who has been a victim of any crime" is a victim. Section 575.270.2. We decline to narrow the class of "victims" by holding that defendant must be guilty of all underlying charges before he can be found guilty of victim tampering.
Id.
The instruction in Dooley referenced multiple underlying charges in the disjunctive. Because the defendant was found guilty of three of the four listed crimes, the court found no error. Here, unlike Dooley , the verdict director for attempted victim tampering was based only on Movant's attempt to prevent Victim from assisting in the prosecution of second-degree domestic assault, not the third-degree domestic assault that Movant was also charged with, so Movant's conviction for third-degree domestic assault was not the type of "underlying charge" that the Court referenced in Dooley .
As to Buffaloe's performance, the motion court found, without further comment, that Buffaloe "made a strategic decision not to include the claim." Appellate strategy, however, is still subject to the objective standard of reasonableness under the circumstances. Baumruk v. State , 364 S.W.3d 518, 525 (Mo. banc 2012) ; Tate , 461 S.W.3d at 22. Indeed, "[t]he relevant question for the motion court is not whether counsel's choices were strategic, but whether they were reasonable." Sanders v. State , 535 S.W.3d 403, 410 (Mo. App. S.D. 2017). Nothing in the record reflects any reasonable basis for Buffaloe's decision not to request reversal of the attempted victim tampering conviction where Buffaloe had requested reversal of the second-degree domestic assault conviction. Buffaloe did not offer a basis,[8] *661 nor did the motion court, nor the State on appeal. Here, the claimed error was sufficiently serious that it created a reasonable probability that had it been raised, the outcome of the appeal would have been different. Buffaloe's failure to raise this issue under these circumstances was not a reasonable legal strategy.
We find that the motion court clearly erred in denying Movant's claim for ineffective assistance of appellate counsel. Point 3 is granted.
Point 2-Failure to Challenge Erroneous Jury Instruction
Movant's second point claims the motion court clearly erred in denying his claim that Bullard was ineffective for failing to object to Instruction No. 9, the verdict director for attempt to commit victim tampering, because the instruction as given violated the applicable Notes on Use. Movant requests that we reverse his conviction for attempted victim tampering and remand for a new trial. Because Movant requests the same relief under this point as he did under point 3, extended discussion of this point is unnecessary. Point 2 is denied as moot.
Conclusion
The motion court's order denying Movant's claim for ineffective assistance of appellate counsel is reversed. Movant's conviction and sentence for Count 3, attempt to tamper with a victim, are vacated and remanded for a new trial. The motion court's order is affirmed in all other respects.
GARY W. LYNCH, J.-CONCURS
DON E. BURRELL, J.-CONCURS

Rule references are to Missouri Court Rules (2018).

Unless otherwise noted, all statutory references are to RSMo Cum. Supp. (2013).

This Court has verified that the pro se and amended motions were timely filed. The order denying post-conviction relief notes that, at some unspecified time after our mandate issued on direct appeal, Count 1 (second-degree domestic assault) was "dismissed by the State."

Venire person No. 38 was struck for cause on the State's motion.

At the evidentiary hearing, Bullard and Moench each testified regarding an alternate reason why they would have discussed Movant's past convictions during voir dire. On appeal, Movant argues that the alternate reason for discussing Movant's past convictions was not reasonable given the circumstances. The motion court, however, found that counsel had discussed Movant's prior convictions during voir dire because they did not know whether he would testify at trial. That factual finding is not clearly erroneous, so we need not discuss whether alternate reasons for taking the same measures during voir dire would have been reasonable.

The State refers us to State v. Roberts , 465 S.W.3d 899, 903-04 (Mo. banc 2015), which vacated a conviction for witness tampering that was "based on" a conviction for second-degree domestic assault after the second-degree domestic assault conviction was vacated and remanded due to instructional error.

Rule 84.04(a)(6) requires that an appellant's brief must contain a "short conclusion stating the precise relief sought." Rule 84.04 is made applicable to criminal appeals by Rule 30.06(a).

By agreement of the parties, Movant offered Buffaloe's affidavit at the evidentiary hearing, which stated:
I agree with claim 8(c) of the amended motion that I should have argued to the Southern District that [Movant's] conviction for victim tampering should have also been reversed. I believe I failed to raise this claim based on the fact that [Movant] was charged with two different counts of domestic assault, and the alleged victim was the same for both counts. I overlooked that Count III of the information actually only refers to domestic assault in the second-degree as the predicate offense for attempted victim tampering.
...
Though I believe that Count II of the information could have also served as the predicate offense for victim tampering, the language of the amended information indicates that it was not a predicate offense. I therefore believe that I should have asked for the Southern District to reverse [Movant's] conviction for victim tampering charged as Count III of the amended information, and I had no strategy reasons for failing to raise this issue.