MICHAEL D. BURNS, )
 )
 Appellant, )
 ) No. SD36919
vs. )
 ) Filed: August 27, 2021
STATE OF MISSOURI, )
 )
 Respondent. )

 APPEAL FROM THE CIRCUIT COURT OF PULASKI COUNTY

 Honorable William E. Hickle, Judge

AFFIRMED

 A jury found Michael Burns guilty of 2nd degree assault on special victim, a class B

felony. Section 565.052.1 Prior to presentation of evidence to the jury, the state

introduced evidence that Burns had been convicted of felony assaults in 1985 and 1990,

and felony DWI in 2009. Based on this evidence, the trial court, without objection, found

Burns to be both a prior assault offender (§ 565.079) and a persistent offender

(§ 558.016), either of which enhanced his range of punishment to that of a class A felony.

Burns was sentenced to life in prison. We affirmed that judgment on direct appeal by

1 Statutory references are to RSMo. as supplemented through 2018.
Rule 30.25(b)2 order. State v. Burns, SD35782 (Mo.App. S.D. Aug. 15, 2019).

 Burns moved for post-conviction relief (“PCR”)3 under Rule 29.15, alleging, as

relevant here, that he received ineffective assistance of counsel because his trial attorney

(“Counsel”) did not object when the finding of prior assault offender status was entered

without evidence of a qualifying assault offense within 5 years. The same judge who

presided over Burns’s criminal trial presided over the PCR proceedings. The motion court

denied relief, finding that Burns did not prove sufficient prejudice because he did not

show a reasonable probability the sentence would have been different but for the claimed

error. The court explained:

 The finding of prior assault offender status had no impact on the range of
 punishment and no impact on the sentencing decision. Regardless of
 whether Movant had the status as a prior assault offender, he was properly
 found to be a persistent felony offender. Thus, the range of punishment for
 the offense for which Movant was found guilty by a jury was that of a Class
 A Felony; this is true regardless of whether Movant was additionally
 deemed under the law to be a prior assault offender.

 Discussion

 We review the denial of Rule 29.15 relief to determine whether the findings and

conclusions supporting the decision are clearly erroneous. Nash v. State, 615 S.W.3d

883, 884 (Mo.App. 2021); Rule 29.15(k). We presume the motion court’s findings are

correct. Driskill v. State, SC98259, slip op. at *3 (Mo. banc June 1, 2021). “A motion

court’s findings are clearly erroneous if, after reviewing the entire record, this Court is left

with the definite and firm impression that a mistake has been made.” Nash, 615 S.W.3d

at 884. “On appeal, ‘we view the record in the light most favorable to the motion court’s

judgment, accepting as true all evidence and inferences that support the judgment and

2 Rule references are to Missouri Court Rules (2019).
3 We have reviewed the record to confirm timely filing of both the original and amended PCR motions.

 2
disregarding evidence and inferences that are contrary to the judgment.’” Seals v.

State, 551 S.W.3d 653, 658 (Mo.App. 2018) (quoting Hardy v. State, 387 S.W.3d 394,

399 (Mo.App. 2012)).

 Burns must satisfy both the deficient performance and prejudice prongs of the

Strickland4 standard to obtain post-conviction relief as a result of ineffective assistance

of counsel. Hounihan v. State, 592 S.W.3d 343, 347, 348 n.3 (Mo. banc 2019). “An

error by counsel, even if professionally unreasonable, does not warrant setting aside the

judgment of a criminal proceeding if the error had no effect on the judgment.”

Strickland, 466 U.S. at 691. “The object of an ineffectiveness claim is not to grade

counsel’s performance. If it is easier to dispose of an ineffectiveness claim on the ground

of lack of sufficient prejudice, which we expect will often be so, that course should be

followed.” Id. at 697.

 “Prejudice transpires when ‘there is a reasonable probability that, but for counsel’s

unprofessional errors, the result of the proceeding would have been different.’”

Hounihan, 592 S.W.3d at 347 (quoting Anderson v. State, 564 S.W.3d 592, 601 (Mo.

banc 2002)). “A reasonable probability ‘is a probability sufficient to undermine

confidence in the outcome.’” Id. (quoting Tisius v. State, 519 S.W.3d 413, 420 (Mo.

banc 2017).

 As the state concedes, the two prior assault convictions offered into evidence did

not support a finding that Movant is a prior assault offender under § 565.079 because the

previous assault offenses occurred more than 5 years prior to the charged assault offense.

Assuming, without deciding, that Counsel was ineffective for failing to object to the

4 Strickland v. Washington, 466 U.S. 668 (1984).

 3
finding of prior assault offender status, Burns has failed to show how this error prejudiced

the defense. He would have been subject to enhanced sentencing for a class A felony

under either a finding of prior assault offender status or a finding of persistent offender

status. Even if Counsel had objected and was successful regarding the prior assault

offender finding, Burns still would have been a persistent offender subject to sentencing

for a class A felony, for which a life sentence was an authorized term of imprisonment.

 Conclusion

 The motion court did not clearly err. Burns has not shown a reasonable probability

that the result of the proceedings would have been any different but for the claimed error.

Hounihan, 592 S.W.3d at 347. Point denied. Judgment affirmed.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

JEFFERY W. BATES, J. – CONCURS

 4